Your Honor, first of all, we don't think this is barred by the appeal waiver, partly, mostly because this is an illegal sentence to which the appeal waiver does not apply. Just to shortcut something, if I understand correctly, and I'll ask the government when they're up there, I understand that there's, in effect, a stipulation that because of the appeal waiver, because the government didn't file the motion for preliminary order of forfeiture, that both sides agree that the district court should not have ordered forfeiture. We're going to have to set it back on that point. As I gather, that is correct, right? That is correct. That's my understanding, Your Honor. As far as that's concerned, we don't need to belabor that anymore. So let's go to the other aspects of the case. Right. One of the things the government raised is the issue of appellate waiver. We don't think there's an appellate waiver partly because this is an illegal sentence and partly because to which appellate waivers don't apply. And second, if you went through the plain error analysis, it would be plain error because it's an illegal sentence, which, of course, is why. When you keep saying illegal sentence, you mean the forfeiture point or the restitution point? The restitution. You do. Okay. The restitution is an illegal sentence. And the reason it's an illegal sentence, Your Honor, is because this Court has repeatedly said, in, for example, Bussell and Anderson, which I cited, that the amount of restitution is limited to the victim's actual losses. That's what the MVRA limits it to. The MVRA sets out a process. And the very first thing you do is you order the victim's property returned to the victim. That's the first step. And then you figure out what the loss is, which is what the original loss was minus whatever was returned. The only exception, yes, Your Honor? And what authority do you rely upon for that proposition? Which proposition? First return the money to the victim. Because that's the first step listed in the MVRA, Your Honor. Okay. So you're referring to the statute. That's the way you construe the statute. The statute itself is, I don't know how it could be more clear, Your Honor, that the first thing that happens is that you return the property to the victim. When you say you, who's you? Well, it says, what it literally says is the court shall, district court shall order that the defendant return the victim's property to the victim. But the defendant doesn't have the property.  In every single case, the government's going to seize. Not entirely, because it was once the defendant's. And so it's now in the possession of the government. It goes back to the defendant. The defendant must return it. But here the defendant disclaims that it was ever his. He knows that. Well, it was never legally his. It was in his possession when he was taken into custody two minutes after robbing the last bank. He concedes. He has absolutely no right to it. It's the bank's property. He has no legal right to it. But, Your Honor, in every case, in every bank robbery case, in every theft-related case, the government's going to seize the stolen property to use as evidence. So if under the interpretation that you're getting at, the MVRA's requirement to return the victim's property to the victim would never apply, because in every single case the defendant won't have it at sentencing. But, counsel, as I'm sure you're aware, we have restitution cases all the time. Yes. We had a bunch of them yesterday. We had, I think it was $107 million. It was a mortgage fraud. The defendant was a notary or something like that. Part of a conspiracy. Had very little to do with it. Got tagged with $107 million. But the reality is that only $52 million was really at risk, because the rest of it was foreclosed. The bank got the property back. But they're still tagged with $107 million. The case law upholds it. So why is this different? There are cases such as Bright in which it's not possible to really say that is the very money that was taken from that victim. But it doesn't have to, does it? I mean, given the example that I just gave you before, that was a situation where the notary never saw any of this stuff. Got some fee or something, but knew what was going on. And the money went to people who were doing loans. They were phony loans, admittedly. But the person didn't get anything. And yet they were tagged under the case law with restitution. And that's right. Now, whether you're found out to be credited with the return of the money to the bank afterwards is another issue. But you're not saying that. You're saying that before you can impose a restitution order, you must give the person. I don't find authority for that. Well, let me find the MVRA and exactly what it says. It's in the statute. It's what you're considering in the statute, right? Yes. The statute doesn't say when it has to be returned, does it? Yes. If I can find it real quick. Okay. It's on page of my reply. I set this out on page 26 of my reply, and 27, that at sentencing, the district court has the order of restitution shall require that such defendant, one, in the case of an offense involving damage or loss of destruction of property to the owner or someone designated by the owner, or if the property under subparagraph return of property under subparagraph A is impossible or practical and adequate, then the defendant pays an amount equal to the greater of the value minus that. Restitution doesn't arise under the MVRA until you have first given the victim back their property. But as you read that, that was my earlier point. This defendant can't return it. It's never his. And he says it's never his. So now it's seized by the government. It's evidence. They need it, at least for a period of time. So when does the duty on the part of the government to return it come into play? Well, it's the ‑‑ I think the Court's confusing possession or constructive possession with legal ownership. Because, as I said, in any case where the government ‑‑ let's say the ‑‑ I gave this example in my brief. Let's say it was a theft case. And the government recovers the stolen car and holds it as evidence. Okay? And then the government says, well, the MVRA says the defendant has to give you your property back. But he doesn't have it. We do. We took it from him when we arrested him. And so we don't have to give it back. So we're going to keep your car, Mr. Victim, and we're going to tell you to try to squeeze it out of the defendant. That can't be what Congress meant when it enacted something called the But counsel, again, based on all these cases that we've gotten, what the government repeatedly says is, look, take this one. We don't know what's going to happen. Maybe other cases. We may need this. Eventually, we will give it back. And then we will credit it. But they don't do it initially. And what happens is that the restitution order includes the whole amount. Do you have any case law that says that that is illegal? I think in some other case where you had multiple defendants or where that was an issue or where, and this is probably the more common thing, where you really can't trace and you can't actually say that property belongs to this victim, that's appropriate. If my client had multiple co-defendants and they were appealing their convictions and so on, I can understand that. The correct approach under the MVRA would be to say you shall return it when the appeals are done. But that's not what's happened here. What's happened here is the district court has told them, you don't have to return it if you don't want to. Now, if you decide to, it's going to be credited, but you can keep it if you want to, government. And, you know, when you actually know, and there's no dispute here. That's not the government's position. They don't intend to keep this in perpetuity. They intend to return it to the bank, and they said so. It's all a matter of timing and what the order should say in the first place. And your view is that you can't issue the restitution order for this amount because it should be returned before the order. And it seems to me it's the other way around. Well, the MVRA says that the first thing that happens is it gets returned and then the process of restitution is calculated after the money is returned. But here's the problem I have. It's not that I just – I don't want to distance myself from anything that might sound like personal criticism of my colleague or a trial counsel whom I respect. I think it's the FBI that's running the show here, apparently. But the fact is the government says they want to return it, and they say they're going to return it, but they haven't. And they continue to claim that they don't have to. That's what they want you to affirm. They want you to affirm – Wait a minute. Yes, sir. My understanding from the government supplemental brief is that they have agreed, expressly agreed, that this will be returned under the restitution order. Then why don't they – why don't they agree to modify the district court's order to say that they shall do that? Let's say we do that. That doesn't change the initial order. It just simply says that there's going to be a return of it. That's a change. Well, that may be. But that doesn't – as I understood it, you were saying you can't even issue a restitution order until it has been returned. Isn't that what you're saying? I think that's correct. But if you're asking me what could I live with if we changed it to say that they will return it and it will be credited, I wouldn't have appealed it. Except the restitution order in the full amount with a direction to the government to return that amount and immediately credit it. I would not have appealed if they had done that. It wouldn't have been correct under my reading of the MVRA, but I wouldn't have appealed. But they continue to claim that they don't have to do it and that they want you to affirm the district court's order that says they don't have to do it. And in fact, they've come up with new theories that say that a restitution order against the defendant somehow gives them a lien against the property of the victim, which is Kafkaesque. Doesn't inspire confidence either. Isn't that what Bright says? And Bright didn't even address the provision of the MVRA that I'm talking about. In Bright, the problem was there was no assertion in Bright that the money which was seized is identifiable money traced directly to that particular. It's all been commingled. And that's typical in those kind of cases. It's all commingled. We can't separate out. And there was no indication that that was even thought of. And so the statute I'm talking about was never mentioned. So it's distinguishable. I think I'm out of time. Okay. Thank you. Very good. We'll have to go. Good morning, Your Honors. May it please the Court. I'm Abby Marsh, and I represent the United States in this matter. There are so many things in this case that we agree upon. The only thing I, well, I guess there are two things at this point that we don't agree upon. It's the government's position that there was a valid appellate waiver here. However, if we're going to address the merits of the restitution order, I think based on your earlier questions, it boils down to should BMO Harris, the final victim bank, be included in the restitution order. And it's our position that absolutely they should be included in the restitution order. But should the district court on remand order the government to return the money? I don't think it's necessary for that to occur. I understand as a practical matter, the case is going to be remanded anyway. Correct. So when it's remanded, should the restitution order be amended? It could be. And I don't think it would be illegal to amend it. However, it's legal as it's written. It is valid as it's written, even though it's sort of ---- So wouldn't that give the government discretion, as your adversary argued, to hold on to the money for some unspecified period of time while the restitution remains owing by the defendant? I don't think the language as written in the restitution order really does give us that discretion. I agree that it is sort of broadly written, and there is ---- maybe discretion could be implied in the reading of that. Well, and you've taken that position at various times. Yes. I think that given different circumstances, there are reasons in which the government could keep the money. Okay. But in this circumstance? In this circumstance, the reason, as we've addressed in our supplemental briefing, the reason the money has been retained is as evidence in the criminal case pending the resolution of the appeal, which, as Your Honor stated earlier, is common. It's common in a case that the government holds on to evidence until the case is resolved. And as has been stated in our briefing, it's never been our intention to keep this money. Even if we were trying to affect the forfeiture or even if we had affected the forfeiture appropriately, it was always the intention to affect the forfeiture and then credit that to the restitution order. There's really no harm to the defendant given the way ---- there's no prejudice to the defendant given the way the restitution order is currently written. Well, just to cut to the chase and following Judge Shenlund's comment, I didn't actually quote, but I refer to the fact that in your supplemental brief, page 3, the government said, upon completion of this appeal, the government will release the property to the clerk of the court and the funds can properly be applied in the restitution order. That's absolutely our position. So, given that fact, since we're going to, by stipulation, return this to the district court, why not incorporate ---- why should we not direct the district court to incorporate this into the restitution order as well? Since there's no harm, no foul, at that point the appeal would be done. Any problem with that? I don't think that's unreasonable at all. Okay. All right. Are there any further questions? Okay. Thank you. I don't think we're all set then. Thank you both for your argument. We appreciate it.  Thank you, Your Honor.
judges: Fernandez, M. Smith, Scheindlin